Gilda PORTER, Appellant,

v.

GRAYSON COUNTY, Texas, Appellee.

No. 05–06–00882–CV.

Court of Appeals of Texas,
Dallas.

May 22, 2007.

Ronald Huff, Attorney and Counselor at Law, Sherman, for Appellant.

James C. Tidwell, Wolfe, Tidwell & McCoy, LLP, Sherman, for Appellee.

Before Justices WHITTINGTON, FRANCIS, and LANG.

## OPINION

Opinion by Justice FRANCIS.

Gilda Porter appeals the trial court's order granting Grayson County's plea to the jurisdiction and dismissing her premises liability lawsuit. In two issues, Porter argues the trial court erred by not allowing her to amend her pleadings and by dismissing her suit with prejudice. We affirm.

Porter sued Grayson County after she fell outside the Grayson County Sub-Courthouse. In her original petition, Port-

er alleged she was walking on the parking lot when she stepped in a "hole" in the curb surrounding the lot, fell, and injured her knees and foot. She alleged the injuries arose from the "condition of tangible real property." *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005).

Grayson County generally denied her claim and asserted that it was protected by governmental immunity. Seventeen months later and after discovery had been conducted, Grayson County filed a motion to dismiss and plea to the jurisdiction in which it asserted, in part, that the complained-of condition was an ordinary premise defect for which the County did not have knowledge. Attached to the motion as evidence were deposition excerpts of its facilities manager, Greg Allen, Allen's affidavit, and photographs of the curb.

In his deposition, Allen testified he had been facilities manager for three years and was responsible for maintaining all county facilities. Allen testified he had never received a complaint about the steps, curbing, or walkway. By affidavit, Allen further testified that prior to Porter's fall, he was not aware of the gap in the concrete curb or of any accidents or incidents involving the property. Additionally, he asserted that he was not aware of any calls, complaints, or reports about the property or the gap in the curb.

Seven weeks later, Porter responded to the motion by asserting, among other things, that (1) she was entitled to amend her pleadings and (2) that the condition of the curb was a "special defect." As evidence, she attached portions of her and Allen's depositions and photographs of the curb. On the same day, Porter filed an amended petition alleging a special defect. Specifically, she alleged that the hole was "immediately adjacent to and was part of the sidewalk" and was a dangerous and defective condition, presented a "danger-

ous risk to invitees," and created an unreasonable risk of harm. She also alleged that Grayson County knew or should have known of the defective condition.

At the hearing on the motion, the parties argued over whether the condition of the curb was a special or ordinary premise defect. One difference between these two theories is that liability for an ordinary premise defect requires a finding that the County actually knew of the dangerous condition. *See State Dep't of Highways & Pub. Transp. v. Kitchen*, 867 S.W.2d 784, 786 (Tex.1993). At the conclusion of the hearing, the trial court found the condition was a premise defect and then signed a written order dismissing Porter's claims with prejudice. Porter appealed.

In two issues, Porter argues the trial court erred by (1) granting the motion to dismiss and plea to the jurisdiction based upon a pleading defect without allowing her an opportunity to amend her pleadings and (2) dismissing her claim with prejudice to refiling.

■■■ Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo*. *Id.* at 226. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id.*

■■■ Under the Texas Tort Claims Act, sovereign immunity is waived and a governmental unit is liable for personal injury or death "caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant

according to Texas law." Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 2005). The elements of proof for such a claim are determined by whether the condition is a premise defect or special defect. *Id.* § 101.022 (Vernon Supp.2006); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992) (op. on reh'g). If the condition is a premise defect, the governmental unit owes the duty a private landowner owes a licensee, and a licensee must prove the owner actually knew of the dangerous condition. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.022(a); *Payne*, 838 S.W.2d at 237. If the condition is a special defect, the governmental unit owes the duty a private landowner owes an invitee. Tex. Civ. Prac. & Rem.Code Ann. § 101.022(b); *Payne*, 838 S.W.2d at 237. An invitee need only prove the owner knew or reasonably should have known of the condition. *Payne*, 838 S.W.2d at 237. Under either theory, the plaintiff must prove the condition of the premises created an unreasonable risk of harm to the licensee or invitee, the owner failed to exercise ordinary care to protect the licensee or invitee from danger, and the owner's failure was a proximate cause of injury to the licensee or invitee. *Payne*, 838 S.W.2d at 238.

■■■ In her brief, Porter initially asserts Grayson County failed to "present sufficient evidence or prove that the defect on its property where [she] was injured was *not* a special defect" and then argues a fact issue exists as to the nature of the defect. Porter does not, however, brief the basic issue of whether the curb's condition constituted a premise or special defect or review the evidence presented within the appropriate standard of review. Regardless, we have reviewed the evidence and conclude the condition of the curb was not a special defect.

Special defects are excavations or obstructions on highways, roads, or streets. TEX. CIV. PRAC. & REM.CODE ANN. § (Vernon) 101.022(b); *Payne,* 838 S.W.2d at 238. The examples in the statute specify an unexpected and unusual danger to ordinary users of roadways. *Payne,* 838 S.W.2d at 238. However, a defect need not occur upon the road surface itself to constitute a special defect if it is close enough to present a threat to the "normal users of a road." *Payne,* 838 S.W.2d at 238 n. 3.

■ "A special defect is distinguished by some unusual quality outside the ordinary course of events, and a longstanding, routine, or permanent condition is not a special defect." *Peterson v. City of Fort Worth,* 966 S.W.2d 773, 775 (Tex.App.-Fort Worth 1998, no pet.) (quoting *Harris County v. Smoker,* 934 S.W.2d 714, 718 (Tex.App.-Houston [1st Dist.] 1996, writ denied)). One characteristic of the class that should be considered is the size of the dangerous condition. *Harris County v. Eaton,* 573 S.W.2d 177, 179 (Tex.1978).

Here, both parties presented photographs showing a curb that divided the parking lot from the sidewalk. The photographs depicted the condition of the curb and appear to more accurately reflect a complete gap of perhaps twelve to eighteen inches; the area between the gap is a level surface. Assuming the curb is considered part of the roadway, we conclude as a matter of law that its condition is not the same kind or class of defect contemplated by the statute. *See City of Grapevine v. Roberts,* 946 S.W.2d 841, 843 (Tex. 1997) (disapproving lower court's opinion and concluding "partially cracked and crumbled sidewalk step" not special defect as matter of law); *City of El Paso v. Bernal,* 986 S.W.2d 610, 611 (Tex.1999) (concluding sidewalk's condition—"worn or depressed area ... approximately 3 feet by 6 feet in size with a depth of three inches, at its lowest point"—was not special defect as matter of law).

■ Even so, Porter argues that if the claim arises from a premise defect, as opposed to a special defect, she should have been allowed the opportunity to amend her pleadings. Normally, if the pleadings fail to contain facts sufficient to demonstrate the trial court's jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be permitted an opportunity to amend. *Miranda,* 133 S.W.3d at 227; *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002); *OHBA Corp. v. City of Carrollton,* 203 S.W.3d 1, 6 (Tex. App.-Dallas 2006, pet. denied). However, if the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without affording the plaintiff an opportunity to amend. *Miranda,* 133 S.W.3d at 227; *Brown,* 80 S.W.3d at 555; *OHBA Corp.,* 203 S.W.3d at 6. Further, if the plea to the jurisdiction attacks the existence of jurisdictional facts and if evidence on the jurisdictional issue is submitted, the trial court may decide the issue at the preliminary hearing or await a fuller development of the case. *Miranda,* 133 S.W.3d at 227. The trial court should decide whether the evidence creates a fact question regarding the jurisdictional issue or the evidence is undisputed. *Id.* at 227–28. If the evidence is undisputed or does not raise a fact question, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

■ For the County to have waived its immunity on an ordinary premise defect, it must have actual knowledge of the condition of the property. In its plea to the jurisdiction, the County presented evidence from its facilities manager that he was not aware of any calls, complaints, or reports about the property or gap in the curb and that he was not aware of the

condition of the curb. Although she conducted discovery and filed an amended petition once the County filed its plea to the jurisdiction, Porter's amended petition did not allege that the County had actual knowledge of the defect. Moreover, Porter did not controvert the County's evidence on actual knowledge; accordingly, the trial court was correct to determine the jurisdictional issue as a matter of law and did not err in failing to allow Porter an opportunity to replead. *See OHBA Corp.* 203 S.W.3d at 6; *Sepulveda v. County of El Paso,* 170 S.W.3d 605, 616 (Tex. App.-El Paso 2005, pet. denied). We overrule the first issue.

In her second issue, Porter argues the trial court could not dismiss her cause with prejudice based upon lack of jurisdiction. In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect. *See Harris County v. Sykes,* 136 S.W.3d 635, 639 (Tex.2004). But if a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action. *Id.* Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined. *Id.*

Here, Porter had an opportunity to amend her pleadings after the county filed its plea to the jurisdiction and, in fact, filed an amended pleading six weeks later but did not allege, alternatively or otherwise, an ordinary premise defect for which the county had actual knowledge. Because Porter had a reasonable opportunity to amend but failed to state facts constituting a waiver of immunity, we conclude

dismissal with prejudice was proper. *See id.* We overrule the second issue.

We affirm the trial court's judgment.