Affirmed and Memorandum Opinion
filed July 27, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00461-CV



Gladys Jessica
Diaz, Appellant 

v.

United
Insurance Company of America and The Reliable Life Insurance Company, Appellees



On Appeal from
the 157th District Court

Harris County, Texas

Trial Court
Cause No. 2008-69579



 

MEMORANDUM OPINION 

Appellant Gladys Jessica Diaz appeals from the trial
court’s judgment dismissing with prejudice her suit against appellees United
Insurance Company of American and The Reliable Life Insurance Company.  In two
issues, Diaz complains that the trial court’s dismissal should have been
without prejudice and asserts that the trial court improperly undeemed
admissions.  We affirm.

Diaz filed a declaratory judgment action against appellees,
requesting declarations that the contractual relationships between appellees
and other entities does not allow for certain actions.  Diaz is not a party to
any of these contracts.  Appellees filed a plea to the jurisdiction, arguing
there is no justiciable controversy between Diaz and themselves.  The trial
court granted the plea and dismissed the case with prejudice.

A few days after the trial court dismissed the case,
Diaz filed an amended petition.[1] 
The amended petition contained two new parties and added two paragraphs
regarding requests for admissions previously served on appellees but otherwise
was the same as the first petition, including requesting the same declaratory
relief.  Diaz filed a motion for new trial, asserting that the trial court
should have dismissed her case without prejudice instead of with prejudice. 
The trial court overruled the motion, and this appeal followed.

In her first issue, Diaz argues that the trial court
erred in dismissing her case with prejudice.  She argues that because a
dismissal for lack of jurisdiction is not a determination on the merits, the
trial court’s dismissal order must be without prejudice as a matter of law.  Diaz
is mistaken.  Though some older cases do hold as Diaz suggests,[2] the Texas
Supreme Court clarified the law regarding whether dismissals for lack of
jurisdiction should be with or without prejudice.  See Harris County v.
Sykes, 136 S.W.3d 635 (Tex. 2004).  The court held that a dismissal with
prejudice is proper when the plaintiff has been given an opportunity to amend
its pleadings to cure the jurisdictional defect or when the defect is incapable
of being cured.  See id. at 639; see also OBHA Corp. v. City of
Carrollton, 203 S.W.3d 1, 6–7 (Tex. App.—Dallas 2006, pet denied.).  Diaz
does not explain in her brief how any amendment could cure the jurisdictional
defect the trial court found, and the amended petition she attempted to file
does nothing to cure the defect.  Therefore, the trial court did not err in
dismissing Diaz’s case with prejudice.  See OBHA Corp., 203 S.W.3d at
6–7 (affirming dismissal with prejudice when jurisdictional defects, based on
failure to plead a justiciable controversy, could not be remedied by amendment);
see also Sykes, 136 S.W.3d at 639.  We overrule Diaz’s first issue.

In her second issue, Diaz argues that the trial court
erred in undeeming admissions against appellees.  Diaz had served requests for
admissions on appellees after appellees filed their plea to the jurisdiction,
and rather than answer them, appellees sought a protective order and requested
that the court rule on the plea before they were required to answer discovery. 
In the motion for new trial hearing, Diaz stated that appellees’ failure to
answer her requests for admissions meant those admissions were automatically
deemed against them.  Appellees then requested that the trial court undeem whatever
admissions might have been deemed against them, and the trial court granted the
motion.  Diaz contends that the trial court had no jurisdiction to take such
action because it had already ruled it had no jurisdiction over the case.  Diaz
does not explain why the issue of whether the trial court had authority to rule
on the request to undeem admissions is relevant to the ultimate disposition of
this appeal, which hinges on whether the trial court’s dismissal with prejudice
was proper.  Indeed, the only relief Diaz requests in her brief is that the
judgment be amended to be without prejudice.  We need not address issues that
do not impact our ultimate resolution of the case.  See Tex. R. App. P. 47.1.

We affirm the trial court’s judgment.

 








                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices Yates,
Seymore, and Brown.

 









[1]
Diaz later stated that she had not yet received notice that the case had been
dismissed when she filed the amended petition.





[2]
See, e.g., Jansen v. Fitzpatrick, 14 S.W.3d 426, 431 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).