**AFFIRMED as MODIFIED and Opinion Filed July 26, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00235-CV**

**JOE PUTNAM, Appellant**
**V.**
**JOHN F. WARREN, COUNTY CLERK, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-00029-E**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Reichek

Joe Putnam sued John F. Warren, in his official capacity as the Dallas County Clerk, in county court seeking the return of a deposit made to supersede a probate court order. Warren filed a plea to the jurisdiction, arguing the probate court had exclusive jurisdiction over the lawsuit. The trial court agreed and dismissed Putnam's claim with prejudice. In this appeal, Putnam contends the county court had jurisdiction to hear his claim. We modify the county court's order to dismiss Putnam's claim "without prejudice." As modified, we affirm.

## Background

The underlying probate case involved the estate of Loretta Powell. A dispute arose between Powell's son Douglas, who was the executor of the estate, and her daughter Robin regarding administration of the estate. Putnam, who is an attorney, represented Douglas. The judge of Dallas County Probate Court No. 1 issued an order rescinding three deeds by which Douglas conveyed Powell's property to himself and two nieces. In a separate order, the probate court ordered Putnam and Douglas, jointly and severally, to pay Robin $6,148.50 in attorney's fees as sanctions for breach of a rule 11 agreement. Putnam, Douglas, and Douglas's nieces filed a joint notice of appeal from the two orders. To supersede the attorney's fee order, Putnam deposited with the county clerk a $6,500 cashier's check payable to Warren. This Court reversed the award of attorney's fees to Robin, but affirmed the orders in all other respects. *See In re Estate of Powell*, No. 05-19-00689-CV, 2020 WL 4462666 (Tex. App.—Dallas Aug. 4, 2020, no pet.) (mem. op.).

After our mandate issued, Putnam wrote to Warren at least twice requesting the return of his supersedeas deposit. Putnam filed this lawsuit in Dallas County Court at Law No. 5, alleging Warren refused to return his $6,500. Putnam asked the county court to order Warren to release the money to him.

Warren filed a plea to the jurisdiction. Citing the estates code, he argued the probate court had exclusive jurisdiction over Putnam's claim because it was a "probate proceeding." He attached a certified copy of the probate court docket sheet

–2–

to show the administration of Powell's estate was ongoing. It is still ongoing today.[1] According to Warren, Putnam never filed a motion in the probate court seeking return of the money.

The county court granted Warren's plea to the jurisdiction. It ordered that Putnam's "claims seeking an order to release a supersedeas bond in the amount of $6,500.00 from the registry of the probate court . . . are dismissed with prejudice to refiling." This appeal followed.

## Analysis

Putnam contends the county court has jurisdiction to order the return of his money. He argues the probate court does not have exclusive jurisdiction because his claim does not fit within the scope of a probate proceeding as defined by the estates code. He asserts the only applicable law here is rule of appellate procedure 24.1, which governs superseding a judgment when an appeal is perfected, and rule 24.1 does not give any role to the probate court. *See* TEX. R. APP. P. 24.1(a). Putnam also argues the county court erred in dismissing his claim "with prejudice."

A plea to the jurisdiction contests a trial court's subject matter jurisdiction. Whether a trial court has subject matter jurisdiction is a matter of law. *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 808 (Tex. App.—Dallas 2006, pet. denied).

---

[1] We take judicial notice of the probate court's online docket sheet in cause number PR-16-01344-1. *See* TEX. R. EVID. 201(b); *In re Johnson*, 599 S.W.3d 311, 311 n.1 (Tex. App.—Dallas 2020, no pet.) (appellate court has discretion to take judicial notice of adjudicative facts that are matters of public record on its own motion).

Accordingly, an appellate court reviews a challenge to the trial court's subject matter jurisdiction de novo. *Id.* We do not look to the merits of the case, but consider only the pleadings and evidence relevant to the jurisdictional inquiry. *Id.* at 809.

In a county such as Dallas County with a statutory probate court, the statutory probate court has exclusive jurisdiction of all "probate proceedings." TEX. ESTATES CODE ANN. § 32.005(a); *see* TEX. GOV'T CODE ANN. § 25.0591(d). A cause of action "related to the probate proceeding" must be brought in a statutory probate court unless the jurisdiction of the statutory probate court is concurrent with the jurisdiction of a district court as provided by § 32.007 or with the jurisdiction of any other court. TEX. ESTATES CODE ANN. § 32.005(a). Section 31.001 of the estates code provides a non-exclusive list of examples of probate proceedings, and § 31.002 provides a non-exclusive list of examples of matters related to a probate proceeding. *Id.* §§ 31.001, 31.002(c).

The issue here is whether Putnam's action is a probate proceeding or a matter related to a probate proceeding. If it is a probate proceeding, the statutory probate court has exclusive jurisdiction. If it is a matter related to a probate proceeding, the probate court and county court have concurrent jurisdiction.

Putnam argues the probate court has exclusive jurisdiction only when the controlling issue is the settlement, partition, or distribution of an estate. But a matter related to the settlement, partition, or distribution of an estate is just one example of a "probate proceeding." TEX. ESTATES CODE ANN. § 31.001(6). The estates code

–4–

lists eight non-exclusive examples of probate proceedings. *Id.* § 31.001. "Probate proceeding" includes a claim arising from an estate administration and any action brought on the claim. *Id.* § 31.001(5). Putnam's claim is for the return of a deposit he paid to supersede a probate court order issued in connection with the administration of Powell's estate. We conclude his claim arises from an estate administration and is thus a probate proceeding. Further, Putnam's claim does not fit within the examples of "matters related to a probate proceeding" in § 31.002, most of which involve claims brought by or against an estate's personal representative. *Id.* § 31.002; *see Johnson v. Johnson*, No. 04-19-00500-CV, 2020 WL 214762, at *3 (Tex. App.—San Antonio Jan. 15, 2020, no pet.) (mem. op.). The probate court had exclusive jurisdiction over Putnam's claim, and the county court did not err in granting Warren's plea to the jurisdiction.

We do agree with Putnam that the county court erred in dismissing his claim "with prejudice." In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect. *OHBA Corp. v. City of Carrollton*, 203 S.W.3d 1, 6–7 (Tex. App.—Dallas 2006, pet. denied); *see Star Houston, Inc. v. Tex. Dep't of Transp.*, 957 S.W.2d 102, 111–12 (Tex. App.—Austin 1997, pet. denied). Putnam could remedy the jurisdictional defect by seeking the return of his supersedeas deposit in probate court. We modify the county court's order to dismiss the claim "without prejudice" instead of "with prejudice." We sustain Putnam's issue in this regard and overrule it in all others.

As modified, we affirm the trial court's order granting the plea to the jurisdiction.

/Amanda L. Reichek/
AMANDA L. REICHEK
230235F.P05                                  JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOE PUTNAM, Appellant

No. 05-23-00235-CV          V.

JOHN F. WARREN, COUNTY
CLERK, Appellee

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-23-00029-
E.

Opinion delivered by Justice
Reichek. Justices Carlyle and Miskel
participating.

In accordance with this Court's opinion of this date, the trial court's March
3, 2023 order is **MODIFIED** as follows:

The phrase "dismissed with prejudice" is deleted and replaced with
"dismissed without prejudice."

As modified, the trial court's order is **AFFIRMED**.

It is **ORDERED** that appellee John F. Warren, County Clerk recover his
costs of this appeal from appellant Joe Putnam.

Judgment entered this 26th day of July 2024.