The CITY OF McKINNEY,
Texas, Appellant

v.

OH SKYLINE/380, L.P., Skyline/380
Investors, L.P., and Skyline/380
Commercial, L.P., Appellees.

No. 05–12–00017–CV.

Court of Appeals of Texas,
Dallas.

July 11, 2012.

Robert F. Brown, Brown & Hofmeister, L.L.P., Richardson, TX, for Appellant.

Arthur J. Anderson, Winstead Sechrest & Minick, P.C., Dallas, TX, for Appellee.

## OPINION

Opinion By Justice FITZGERALD.

This is an interlocutory appeal from the trial court's order denying the City of McKinney's plea to the jurisdiction, which sought to dismiss all remaining claims of the three appellees. Appellees pleaded below for a judgment declaring that the provisions of two specific amendments to the City's comprehensive zoning ordinance are void because the City failed to give appellees the notice required by statute. In three issues, the City contends that (1) appellee Skyline/380 Investors, L.P. ("Investors") lacks standing to pursue its claim against the City; (2) appellee OH Skyline/380, L.P. ("OH Skyline") lacks standing to pursue its claim against the City; and (3) appellees Investors, OH Skyline, and Skyline/380 Commercial, L.P. ("Commercial") were not within the class of property owners entitled by statute to receive notice of the zoning amendments. We conclude Investors and OH Skyline lack standing to complain of lack of notice; we reverse the trial court's order as to those parties and render judgment dismissing their claims for lack of jurisdiction. But we conclude Commercial does have standing to complain of lack of notice, so we affirm the trial court's order as to Commercial and remand its notice claim to the trial court for further proceedings.

## BACKGROUND

In 1983, the City adopted an ordinance zoning a 24.23–acre tract of land as a planned development district that would include multi-family and commercial uses. In 1987, the City put final regulations in place to govern the planned development in terms of building size and density. In 2007, Commercial purchased 5.126 acres of the land in the planned development, and Investors purchased 11.574 acres of the land (their tracts together, the "Property"). Investors subsequently sold the tract it had purchased to OH Skyline.

In May 2010, and then again in December 2010, the City proposed amendments to its comprehensive zoning ordinance (together, the "Zoning Amendments"), making changes to multi-family zoning standards. Appellees do not dispute the City gave timely notice—by publication—of the public hearing to address the changes.

*See* Tex. Loc. Gov't Code Ann. § 211.006(a) (West 2008) ("Before the 15th day before the date of the hearing, notice of the time and place of the hearing must be published in an official newspaper or a newspaper of general circulation in the municipality."). The City apparently also gave individual notice to neighbors of the Property, if the current municipal tax roll indicated they owned real property within 200 feet of the Property. However, the City did not give individual notice to appellees or to any other owners of property that would be affected by changes to regulations concerning zoning of multi-family developments. The Zoning Amendments were subsequently adopted.

OH Skyline filed suit against the City, challenging the Zoning Amendments and seeking declaratory relief. The City responded, *inter alia*, with its first plea to the jurisdiction. The City argued in its plea for the dismissal of OH Skyline's claim that was based on chapter 245 of the local government code, which protects an owner's vested property rights. The trial court granted the plea on ripeness grounds and dismissed the chapter 245 claim. OH Skyline did not appeal the court's ruling as an interlocutory matter, but specifically pleaded that it was not waiving its right to address the vested-rights claim on appeal.

Investors and Commercial were both added as plaintiffs below, and the petition contained a single claim for declaratory relief, which stated:

> Plaintiffs seek a declaratory judgment pursuant to the Texas Declaratory Judgment Act, Texas Civil Practice and Remedies Code, 537.001, et seq., that the provisions of the 2010 Amendment are null and void because the City did not comply with the notice provisions of Chapter 211, Tex. Loc. Gov't Code.

The City ultimately filed its second plea to the jurisdiction on this single remaining claim for declaratory relief, arguing the plaintiffs were not entitled to chapter 211 notice and thus had no standing to complain of the City's actions. This time, the trial court denied the City's plea. The City took this interlocutory appeal.

## Plea to the Jurisdiction

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In this case, the City challenged the appellees' standing to complain of the notice issue. The doctrine of standing identifies those suits appropriate for judicial resolution. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex.2001). Under Texas law, standing limits subject matter jurisdiction to cases involving a distinct injury to the plaintiff and a real controversy between the parties that will be actually determined by the judicial declaration sought. *Id.* Standing is a prerequisite of subject-matter jurisdiction, and its absence may be raised in a plea to the jurisdiction. *Blue*, 34 S.W.3d at 553–54. The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial judge's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). We construe the pleadings liberally in favor of the plaintiff. *Id.* But if the pleadings affirmatively negate the existence of jurisdiction, the plea may be granted without allowing opportunities to amend. *Id.* at 226–27.

## Standing of Investors and OH Skyline [1]

In the City's first issue, it contends Investors lacks standing to complain of not

---

1. We consider the standing of these appellees only in regard to their claim under chapter

receiving notice in this case, because Investors does not currently own any property affected by the Zoning Amendments. Investors sold its portion of the Property in March 2011. Indeed, Investors' pleadings—even liberally construed—establish it has no justiciable interest in the Property that would be resolved by the declaration it seeks and it has no real controversy with the City. Accordingly, we conclude Investors lacks standing to pursue the declaration. *See Brown,* 53 S.W.3d at 305. We sustain the City's first issue.

■ In the City's second issue, it contends OH Skyline also lacks standing in this case, because it purchased its portion of the Property from Investors *after* the City adopted the zoning amendments. Thus, OH Skyline was not the owner of its portion of the Property, as the statute requires, at the time notice—if any—would have been due. OH Skyline is presumed to have taken the tract it purchased with knowledge of the zoning amendments; it cannot challenge the validity of zoning that was in place at the time it purchased the property. *See Leach v. City of Richland Hills,* 627 S.W.2d 854, 857 (Tex.App.-Fort Worth 1982, no writ). Nor does a purchaser have standing to complain of lack of notice to a former owner. *Murmur Corp. v. Bd. of Adjustment of City of Dallas,* 718 S.W.2d 790, 793 (Tex.App.-Dallas 1986, writ ref'd n.r.e.). We agree that OH Skyline lacks standing to seek the declaration it has requested in the trial court, and we sustain the City's second issue as well.

STANDING OF COMMERCIAL

■ In its third issue, the City challenges Commercial's standing, arguing

211 and their associated claim for attorney's fees.

2. The City stresses that this appeal does not address whether the zoning amendments challenged by Commercial qualify as

Commercial does not fall within the scope of those to whom notice is owed before a zoning change is made. That scope is defined by statute:

Before the 10th day before the hearing date, written notice of each public hearing before the zoning commission on a proposed change in a zoning classification shall be sent to each owner, as indicated by the most recently approved municipal tax roll, of real property within 200 feet of the property on which the change in classification is proposed.

TEX. LOC. GOV'T CODE ANN. § 211.007(c). Thus, notice must be sent to any person or entity that the current tax roll indicates is the owner of real property located within 200 feet of property on which the "change in classification" is proposed.[2] The City contends that the actual owner of the property on which the change is proposed cannot qualify under this standard. Given the facts of this case, in which Commercial is both an owner of property on which a change in classification is proposed and an owner of property within 200 feet of property on which the change in classification is proposed, we disagree. It is undisputed that Commercial owns a portion of the Property; its tract is just over five acres in size. It is also undisputed that OH Skyline owns a contiguous tract that is just over eleven and one half acres in size.[3] Finally, it is undisputed that the Zoning Amendments purport to effect changes on both of those tracts of real property. Commercial is, thus, the owner of real property located within 200 feet of OH Skyline's property, on which the zoning change is proposed.

"changes in classification," so we offer no opinion on that issue.

3. The record includes a map establishing the properties are in fact contiguous.

The City contends in its brief that the express terms of section 211.007(c), quoted above, establish it does not apply to the property impacted by the change, only to the neighbors of those property owners. In other words, according to the City, even though Commercial owns property within 200 feet of OH Skyline's property, Commercial is not entitled to notice because its property is also affected by the proposed change in classification. We disagree. The statutory language contains no such limitation: it does not exclude the owner of the property at issue from its reach, and it certainly makes no reference to "neighbors."

Nor do we perceive any justification for inferring the City's proposed limitation from the statutory language. The statute casts notice recipients in terms of their personal ownership of property. Thus, right to notice is established by the tax rolls. The test for one who deserves individual notice is its ownership of real property, not the zoning classification of the property owned. In this case, OH Skyline and Commercial are separate owners of real property within the statute's reach. That ownership gives them the right to notice, and the fact their properties may originally have been platted as one is irrelevant in terms of this statute.[4]

In construing statutes, our goal is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex.2008). We interpret the statute before us according to that language, avoiding absurd or nonsensical results. *See Molinet v. Kimbrell*, 356 S.W.3d 407, 414–15 (Tex.2011).

In crafting chapter 211, the Legislature set forth its "Procedures Governing Adoption of Zoning Regulations and District Boundaries." It included this sentence:

> A regulation or boundary is not effective until after a public hearing on the matter at which *parties in interest* and citizens have an opportunity to be heard.

TEX. LOC. GOV'T CODE ANN. § 21.006(a) (emphasis added). Certainly, under the facts of this case, Commercial is an interested party. Thus, requiring the City to give Commercial the same notice as any other property owner within the scope of section 211.007(c) is consistent with procedures underlying the statutory scheme. Moreover, requiring the City to give Commercial individual notice also serves a key purpose of notice in all zoning statutes, namely protection of property owners from municipal overreaching. *See, e.g., Bolton v. Sparks*, 362 S.W.2d 946, 950 (Tex.1962) ("The steps directed to be taken for notice and hearing, when provided for in the law, are intended for the protection of the property owner, and are his safeguards against the exercise of arbitrary power."). Our interpretation of the language the Legislature used in section 211.007(c) is internally consistent, supported by zoning policy, and will not create an absurd or nonsensical result. *See Molinet*, 356 S.W.3d at 415.

We conclude—under the facts of this case—Commercial is an owner, as indicated by the most recently approved municipal tax roll, of real property within 200 feet of property subject to the Zoning Amendments. *See* TEX. LOC. GOV'T CODE ANN. § 211.007(c). Thus, Commercial has standing to challenge its failure to receive

---

4. One could posit the hypothetical situation of a proposed zoning change to a property across the street and within 200 feet of the tracts owned by OH Skyline and Commercial. Certainly, even under the City's reading of the statute, both OH Skyline and Commercial would be entitled to notice of the proposed zoning change. Their entitlement would proceed from their ownership status, not from their properties' zoning status.

personal notice of those amendments. The trial court did not err in denying the City's plea to the jurisdiction as to Commercial. We decide the City's third issue against it.

## CROSS-APPEAL AND MOTION TO DISMISS

In one cross-issue, appellees challenges the trial court's granting of its first plea to the jurisdiction concerning appellees' declaratory judgment claims under section 245.002 of the local government code. The trial court granted the plea on appellees' vested-rights claims on ripeness grounds. Appellees chose not to pursue an interlocutory appeal of that ruling at the time, but specifically reserved their right to appeal any final judgment on that ground. When the City appealed and sought a judgment dismissing the case in its entirety, appellees urged their vested-rights appeal in this case to avoid losing the opportunity for appeal of the ripeness issue. However, because we are not effecting a final disposition of this case, we need not address the cross-appeal.

The City filed a Motion to Dismiss Appellees' Appeal, contending the cross-appeal was untimely. Because we are remanding the case without addressing the cross-appeal, the motion to dismiss is now moot.

## CONCLUSION

We reverse the trial court's order as to Investors and OH Skyline and render judgment dismissing their declaratory judgment claims under chapter 211 for lack of jurisdiction. We affirm the trial court's order as to Commercial and remand its declaratory judgment claim under chapter 211 to the trial court for further proceedings. Given this resolution, we need not address appellees' cross appeal, and we deny the City's motion to dismiss that cross-appeal as moot.