**REVERSE and RENDER; and Opinion Filed July 17, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

## No. 05-12-01181-CV

**MAYOR MIKE RAWLINGS, COUNCILMEMBER JERRY R. ALLEN, COUNCILMEMBER MONICA R. ALONZO, COUNCILMEMBER TENNELL ATKINS, COUNCILMEMBER DWAINE R. CARAWAY, COUNCILMEMBER CAROLYN R. DAVIS, COUNCILMEMBER SCOTT GRIGGS, COUNCILMEMBER SANDY GREYSON, COUNCILMEMBER VONCIEL JONES HILL, COUNCILMEMBER ANGELA HUNT, COUNCILMEMBER DELIA JASSO, COUNCILMEMBER SHEFFIE KADANE, COUNCILMEMBER LINDA KOOP, COUNCILMEMBER ANN MARGOLIN, AND COUNCILMEMBER PAULINE MEDRANO, Appellants
V.
TIMOTEO F. GONZALEZ, DAVID INDORF, RUTH C. LOGAN, AND CHERYL WILLIAMS, Appellees**

On Appeal from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. 12-09605-J

## OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

In this interlocutory appeal, appellants complain of the trial court's order denying their plea to the jurisdiction. We reverse the trial court's order and dismiss for lack of jurisdiction.

BACKGROUND

Appellees were appointed judges of the Municipal Court in the City of Dallas by the Dallas City Council on June 23, 2010, to a two-year term ending May 31, 2012. *See* Dallas, Tex., Ordinance 27928 (June 23, 2010). All had previously served as both full-time and associate judges prior to their 2010 appointments. Under the Texas Government Code and the

Dallas City Charter, municipal court judges are evaluated by the City Council and considered for reappointment every two years. *See* TEX. GOV'T CODE ANN. § 30.0006 (West 2004); Dallas, Tex., Charter ch. VIII, § 4. None of the appellees were reappointed when their terms expired in 2012, although all were candidates for reappointment. We refer to appellees as the Candidates. Alleging that the 2012 selection process violated applicable law, the Candidates brought suit seeking an injunction and a declaratory judgment.

The Candidates contend that appellants, the Mayor and members of the Dallas City Council (the Council), conducted the 2012 selection process for municipal judges in violation of the Dallas City Code and the Dallas Transportation Code. The Candidates' petition alleges that section 13-5.2(e) of the Dallas City Code requires the Council to select municipal judges only from a list of nominees recommended by a "Judicial Nominating Commission" (JNC) created under section 13-5.1 of the code. Dallas, Texas City Code §§ 13-5.1, 13-5.2. The Candidates do not dispute that their names were included on the list of 18 nominees submitted by the JNC to the "Ad Hoc Legislative Committee" of the City Council in accordance with the code. They contend, however, that the committee "contacted individuals who were not on the list of 18 candidates," "interviewed an additional four (4) candidates with no explanation or justification," and "made the unprecedented and illegal decision to recommend additional candidates of their own choosing."

The Candidates also allege that in violation of the Texas Transportation Code, appellants asked nominees to comment in writing on a list of recommendations proposed by the ad hoc legislative committee. According to the Candidates' petition, these recommendations required the Candidates to "commit to results and predispose of cases," and specifically to require that "the judges commit to assessing maximum fines or maximum deferred fees [in] all traffic cases, regardless of the merits or facts of the case, as a condition to their appointment." The Candidates

–2–

pleaded that this requirement violated section 720.002(b)(2) of the Texas Transportation Code, which "prohibits requiring or suggesting to a municipal court judge that the judge is required or expected to collect a predetermined amount of money from persons convicted of traffic offenses within a specified period." *See* TEX. TRANSP. CODE ANN. § 720.002(b)(2) (West 2011). The Candidates allege that the Council then voted to appoint the applicants who agreed to predispose of cases.

The Candidates' petition also includes an allegation that their due process rights were violated when appellants "violated their own procedural rules by voting on a 'slate' of proposed municipal judges when the appointment of municipal judges was not on the consent agenda but instead one of the items for individual consideration."

In their petition, the Candidates sought a judgment declaring that the Council had violated the Texas Transportation Code and the Dallas City Code, and an injunction prohibiting the Council from publishing the ordinance appointing municipal judges for the term beginning in 2012. The Council filed a plea to the jurisdiction, which the trial court denied. The ordinance appointing municipal judges for the term beginning in 2012 was published on August 25, 2012. The record reflects that the trial court initially enjoined the publication of the ordinance, then granted the Council's motion to dissolve the temporary restraining order on August 27, 2012. The only relief now sought by the Candidates is a declaration that the selection process violated applicable law.[1] They seek neither to set aside the 2012 appointments nor to obtain reappointments for themselves.

---

[1] After the trial court denied the Council's plea to the jurisdiction, the Candidates filed an amended petition seeking an ex parte temporary restraining order against the publication of the ordinance. In addition to requesting injunctive relief to prevent the Council from taking any action to publish the ordinance appointing the judges, the amended petition alleges that the Council's actions constituted ultra vires conduct, and specifically requests a declaration that the Council violated the Texas Constitution. The conduct complained of was not changed in the amended petition. As noted, the trial court first granted then dissolved the temporary restraining order requested in the amended petition.

ISSUES

The Council alleges in four issues that the trial court erred by denying the plea to the jurisdiction. The Council's first issue generally challenges the trial court's denial of the plea. In its second issue, the Council alleges that the Candidates lack standing to litigate their request for injunctive and declaratory relief. In its third issue, the Council contends that the Candidates' request for injunctive and declaratory relief is moot. In its fourth issue, the Council argues that it maintains immunity from suit because the Candidates have not alleged an ultra vires act to establish subject-matter jurisdiction.

STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000), *overruled on other grounds, Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004). The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial judge's ruling on a plea to the jurisdiction. *City of McKinney v. OH Skyline/380, L.P.*, 375 S.W.3d 580, 582 (Tex. App.—Dallas 2012, no pet.) (citing *Miranda*, 133 S.W.3d at 226). In performing our review, we do not look to the merits of the plaintiff's case, but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *OHBA Corp. v. City of Carrollton*, 203 S.W.3d 1, 4 (Tex. App.—Dallas 2006, pet. denied) (citing *Miranda*, 133 S.W.3d at 227, and *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)). We construe the pleadings liberally in favor of the plaintiff. *City of McKinney*, 375 S.W.3d at 582. But if the pleadings affirmatively negate the existence of jurisdiction, the plea may be granted without allowing opportunities to amend. *Id.*

APPLICABLE LAW

The doctrine of standing identifies those suits appropriate for judicial resolution. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001). Standing is a prerequisite of subject matter jurisdiction, and its absence may be raised by a plea to the jurisdiction. *Blue*, 34 S.W.3d at 553–54. Under Texas law, standing limits subject matter jurisdiction to cases involving a distinct injury to the plaintiff and "a real controversy between the parties, which . . . will be actually determined by the judicial declaration sought." *OHBA Corp.*, 203 S.W.3d at 4 (quoting *Brown*, 53 S.W.3d at 305). "For standing, a plaintiff must be personally aggrieved; his alleged injury must be concrete and particularized, actual or imminent, not hypothetical." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008) (footnotes and citations omitted).

For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "If a controversy ceases to exist—'the issues are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). If a case becomes moot, the parties lose standing to maintain their claims. *Id.* An exception to the mootness doctrine exists for disputes "capable of repetition, yet evading review" where (1) the challenged act is of such short duration that appellant cannot obtain review before the issue becomes moot, and (2) there is a reasonable expectation that the same action will occur again if the issue is not considered. *Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999). This exception applies only in rare circumstances. *Williams*, 52 S.W.3d at 184.

A declaratory judgment, the only relief sought here by the Candidates, is "appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *OHBA Corp.*, 203 S.W.3d at 5 (citing

–5–

*Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)). To constitute a justiciable controversy, there must exist a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Id.* We may not render advisory opinions under the declaratory judgments act. *Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (citing TEX. CIV. PRAC. & REM. CODE §§ 37.001–.011). "The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties." *Id.* As the court explained in *Texas Association of Business*, "[a]n opinion issued in a case brought by a party without standing is advisory because rather than remedying an actual or imminent harm, the judgment addresses only a hypothetical injury." *Id.* The declaratory judgment act does not give courts the power to rule on hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, even though the questions may require adjudication in the future. *Id.* A declaratory judgment action against the government seeking a declaration of a party's rights and status under a statute is not barred by governmental immunity, however. *City of Seagoville v. Lytle*, 227 S.W.3d 401, 410 (Tex. App.—Dallas 2007, no pet.).

A violation of section 720.002 of the Texas Transportation Code by an elected official is misconduct and a ground for removal from office. TEX. TRANSP. CODE ANN. § 702.002(e) (West 2011). Quo warranto proceedings provide the exclusive means by which the public may protect itself from unlawful occupancy of a public office. *Norville v. Parnell*, 118 S.W.3d 503, 505 (Tex. App.—Dallas 2003, pet. denied).

DISCUSSION

The Candidates contend that they "are seeking a declaratory judgment that violations of not only the Texas Transportation Code, but also the Dallas City Code, City of Dallas Rules of Procedure, and Texas Constitution were committed by [the Council]." The Candidates contend

–6–

that they were "personally aggrieved" by these violations, and that they have a "personal stake in the controversy." But they do not explain how a judgment that declares the Council violated the law would resolve any controversy regarding the Candidates' rights and status. *See OHBA Corp.*, 203 S.W.3d at 5.

In fact, the Candidates disclaim any effect on their rights and status. First, they disclaim any intent to challenge the right of either their newly-appointed successors or the Council to hold office, in response to the Council's argument that a quo warranto proceeding is the exclusive remedy to test the right of a public official to hold office. *See Orix Capital Markets, LLC v. American Realty Trust, Inc.*, 356 S.W.3d 748, 752–53 (Tex. App.—Dallas 2011, pet. denied) (collecting cases regarding use of quo warranto proceedings).

Second, the Candidates aver that they do not seek any relief that would reinstate them as judges. Their petition does not include a request for reappointment or reinstatement as municipal judges. The Candidates concede that they were included on the list of 18 nominees recommended by the JNC to the ad hoc legislative committee, and they do not claim any further right to appointment under any statutory, code, or charter provision. And as we have noted in *Robinson v. Neeley*, 192 S.W.3d 904, 910 (Tex. App.—Dallas 2006, no pet.), any "recognizable interest" in a public official's position is limited "to those currently serving." The Candidates do not argue that they hold any recognizable interest in the office of municipal judge, and they do not seek a declaration as to their "rights and status" as candidates for municipal judgeships. *See Transp. Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 227 (Tex. App.—Dallas 2012, no pet.) (Texas Declaratory Judgments Act gives Texas courts power to declare rights, status, and other legal relations whether or not further relief is or could be claimed).

Third, the Candidates deny that they are challenging any ordinance. They make this argument in response to the Council's contention that a party challenging an ordinance must

allege some injury distinct from that sustained by the public at large. *See Brown*, 53 S.W.3d at 302 (in challenging governmental acts, "[o]ur decisions have always required a plaintiff to allege some injury distinct from that sustained by the public at large"). The Candidates argue, however, that "the many violations of the laws and statutes which resulted in the publication of the ordinance might well render the Ordinance mentioned by [the Council] null and void as the result of the declaratory judgment sought by [the Candidates]."

In disclaiming any challenge to any official's right to hold office, any challenge to any ordinance, or any claim of right to reappointment, the Candidates have failed to allege a justiciable controversy as to the rights and status of the parties which will be resolved by the declaration they seek. *See OHBA Corp.*, 203 S.W.3d at 5. The Candidates concede that the 2012 ordinance appointing municipal judges has already been published, but contend that their claims are not moot under the "capable of repetition yet evading review" doctrine. *See Williams*, 52 S.W.3d at 184. We disagree. In order to rely on this doctrine, the Candidates "must prove that . . . a reasonable expectation exists that the same complaining party will be subjected to the same action again." *See id.* Even if we assume that each of the Candidates will apply for appointments to municipal judgeships in 2014, and further assume that the 2012 selection process was conducted in violation of the Texas Transportation Code and the Dallas City Code, we cannot assume that the 2014 ad hoc committee or the 2014 Council will violate the then-applicable law in making the 2014 appointments. *Compare id.* (court would not assume plaintiffs would commit another crime and thus be subject to allegedly unconstitutional operation of county jail facility in the future) *with Blum*, 997 S.W.2d at 264 (where trial court had sustained election contest and ordered new election, "capable of repetition" exception to mootness applied); *see also Williams*, 52 S.W.3d at 184 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496–96 (1974)) ("Past exposure to illegal conduct does not in itself show a present case or

–8–

controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."); *S. Methodist Univ. v. Times Herald Printing Co.*, 729 S.W.2d 129, 130–31 (Tex. App.—Dallas 1987, no writ) (trial court has no authority to issue declaratory judgment where "litigants are seeking, in effect, advisory opinions requiring the court to apply the law to hypothetical facts which are not certain to occur").

In addition, then, as now, the Candidates will have no recognizable interest in a municipal judgeship if they are not currently holding the office. *See Robinson*, 192 S.W.3d at 910. The Council is not required to appoint them to judgeships. The only question presented to the trial court is an abstract one about the 2012 selection process. Regardless of the resolution of that question, any declaration the trial court could make would not resolve any controversy about the Candidates' rights or status. *See Pinnacle Gas Treating, Inc. v. Read*, 104 S.W.3d 544, 545 (Tex. 2003) (subject to some exceptions, a case becomes moot when a court's actions cannot affect the rights of the parties); *Brinkley v. Tex. Lottery Comm'n*, 986 S.W.2d 764, 767–68 (Tex. App.—Austin 1999, no pet.) (opinion is advisory when judgment sought would not constitute specific relief to a litigant or affect legal relations). We sustain the Council's first three issues. Because of our disposition of those issues, we need not address the fourth issue.

We also conclude that the jurisdictional defects in the Candidates' petition cannot be cured by granting the Candidates the opportunity to amend. *See Save Our Springs Alliance v. City of Austin*, 149 S.W.3d 674, 686 (Tex. App.—Austin 2004, no pet.) (if pleadings affirmatively negate existence of jurisdiction, then plea to jurisdiction may be granted without allowing plaintiff opportunity to amend). Under both their original and amended petitions, the Candidates sought an injunction preventing the publication of the ordinance appointing municipal judges for the term commencing in 2012, and declarations that the selection process violated applicable law. Regardless of any repleading of the Candidates' allegations, the trial

court can no longer enjoin the publication of the ordinance or prevent the judges appointed by the ordinance from taking their oaths of office, because these events have already occurred. The Candidates' remaining request is for an advisory declaration that the 2012 selection process was in violation of applicable law. The jurisdictional defects we have discussed cannot be cured by amendment of the Candidates' pleadings. *See id.*

## CONCLUSION

Regardless of whether we denominate the issue as mootness, or lack of standing, or seeking an advisory opinion, the trial court lacked jurisdiction to determine the Candidates' claims. The Council's plea to the jurisdiction should have been granted. We reverse the trial court's order denying the Council's plea to the jurisdiction and render judgment granting the plea to the jurisdiction and dismissing the Candidates' claims.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

121181F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MAYOR MIKE RAWLINGS,
COUNCILMEMBER JERRY R. ALLEN,
COUNCILMEMBER MONICA R.
ALONZO, COUNCILMEMBER
TENNELL ATKINS, COUNCILMEMBER
DWAINE R. CARAWAY,
COUNCILMEMBER CAROLYN R.
DAVIS, COUNCILMEMBER SCOTT
GRIGGS, COUNCILMEMBER SANDY
GREYSON, COUNCILMEMBER
VONCIEL JONES HILL,
COUNCILMEMBER ANGELA HUNT,
COUNCILMEMBER DELIA JASSO,
COUNCILMEMBER SHEFFIE KADANE,
COUNCILMEMBER LINDA KOOP,
COUNCILMEMBER ANN MARGOLIN,
AND COUNCILMEMBER PAULINE
MEDRANO, Appellants

No. 05-12-01181-CV    V.

TIMOTEO F. GONZALEZ, DAVID
INDORF, RUTH C. LOGAN, AND
CHERYL WILLIAMS, Appellees

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 12-09605-J.
Opinion delivered by Justice O'Neill,
Justices Francis and Fillmore participating.

In accordance with this Court's opinion of this date, the August 24, 2012 order of the trial court is **REVERSED** and judgment is **RENDERED** granting the plea to the jurisdiction of appellants Mayor Mike Rawlings, Councilmember Jerry R. Allen, Councilmember Monica R. Alonzo, Councilmember Tennell Atkins, Councilmember Dwaine R. Caraway, Councilmember Carolyn R. Davis, Councilmember Scott Griggs, Councilmember Sandy Greyson, Councilmember Vonciel Jones Hill, Councilmember Angela Hunt, Councilmember Delia Jasso,

–11–

Councilmember Sheffie Kadane, Councilmember Linda Koop, Councilmember Ann Margolin, and Councilmember Pauline Medrano and dismissing the claims of appellees Timoteo F. Gonzalez, David Indorf, Ruth C. Logan, and Cheryl Williams for want of subject matter jurisdiction.

It is **ORDERED** that appellants Mayor Mike Rawlings, Councilmember Jerry R. Allen, Councilmember Monica R. Alonzo, Councilmember Tennell Atkins, Councilmember Dwaine R. Caraway, Councilmember Carolyn R. Davis, Councilmember Scott Griggs, Councilmember Sandy Greyson, Councilmember Vonciel Jones Hill, Councilmember Angela Hunt, Councilmember Delia Jasso, Councilmember Sheffie Kadane, Councilmember Linda Koop, Councilmember Ann Margolin, and Councilmember Pauline Medrano recover their costs of this appeal from appellees Timoteo F. Gonzalez, David Indorf, Ruth C. Logan, and Cheryl Williams.

Judgment entered this 17th day of July, 2013.


/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE