**REVERSE and RENDER; Opinion Filed July 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00973-CV

**AMERICAN HOMES 4 RENT PROPERTIES ONE, LLC, Appellant**
**V.**
**EVA IBARRA AND ALL OTHER OCCUPANTS OF**
**6448 ROYAL CEDAR DRIVE, DALLAS, TEXAS, 75236, Appellees**

On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-13-02049-A

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Brown
Opinion by Justice Brown

After it purchased the property at 6448 Royal Cedar Drive in Dallas at a foreclosure sale, American Homes 4 Rent Properties One, LLC filed this forcible detainer action against Eva Ibarra and all other occupants of the property. Ibarra moved to dismiss the lawsuit on grounds the trial court lacked jurisdiction because a determination of title to the property was necessary. The trial court granted Ibarra's motion to dismiss. In three issues on appeal, American Homes contends the trial court erred in dismissing its claims. For reasons that follow, we reverse the trial court's order granting the motion to dismiss and render judgment awarding possession of the property to American Homes.

In 2005, Ibarra borrowed money secured by a deed of trust on the Royal Cedar Drive property. The deed of trust provided that if the property was sold at a foreclosure sale,

"Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding." On January 1, 2013, American Homes bought the property at a foreclosure sale, and a substitute trustee's deed reflecting the sale was executed. On February 19, 2013, American Homes sent a letter to Ibarra notifying her that she was a tenant at sufferance and demanding she vacate the property within three days. When Ibarra failed to vacate, American Homes filed this action in justice court against her, seeking possession of the property. Ibarra did not file an answer, and the justice court entered a default judgment awarding possession of the property to American Homes. Ibarra appealed that judgment to the county court for a trial de novo.

In the county court, Ibarra filed an "Original Answer and Motion to Dismiss." Her pleading included a general denial and also a motion to dismiss/plea to the jurisdiction on grounds the court lacked subject matter jurisdiction because a determination of title to the property was necessary. Ibarra asserted that she filed for bankruptcy on December 31, 2012, the day before the foreclosure sale. According to Ibarra, an automatic stay went into effect upon the filing of her bankruptcy petition, making the foreclosure sale void.[1] *See* 11 U.S.C. § 362.

The case was set for a trial before the court on April 25, 2013. At trial, American Homes urged that it be awarded possession of the property and offered into evidence the substitute trustee's deed showing it bought the property at the foreclosure sale, the deed of trust, and the notice to Ibarra to vacate. Ibarra did not dispute any of this evidence. Instead, she responded that the foreclosure sale took place the day after she filed for bankruptcy. She argued the justice court did not have jurisdiction because the issue of possession was intertwined with the issue of

---

[1] Ibarra does not contend that this lawsuit was commenced during a bankruptcy stay. American Homes filed its original petition in the justice court on April 5, 2013. The record shows the bankruptcy was terminated on March 20, 2013.

title. American Homes acknowledged that Ibarra filed a bankruptcy petition the day before the sale. It asserted, however, that the foreclosure sale was valid because there was no automatic stay in place due to the fact that Ibarra had two previous bankruptcy filings in 2012.

The county court stated that it appeared the foreclosure took place when the case was pending in the bankruptcy court. The court further stated it did not know if an automatic stay was in place or not. The county court orally granted Ibarra's plea to the jurisdiction and later signed an order dismissing American Homes's claims against her.

American Homes filed a motion for new trial asking the court to reconsider its ruling on the motion to dismiss. At a hearing on the motion, the court asked American Homes for a certified record from the bankruptcy court confirming its position that no stay was in effect at the time of foreclosure and gave it two weeks to respond. After American Homes did not respond, the trial court signed an order denying the motion for new trial. This appeal followed.[2]

In its first issue, American Homes contends the trial court erred in dismissing the case because the court was not permitted to inquire into the validity of the foreclosure sale in a forcible detainer action. We agree.

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Rawlings v. Gonzalez*, 407 S.W.3d 420, 425 (Tex. App.—Dallas 2013, no pet.). The existence of subject matter jurisdiction is a question of law. *Id.* Thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Id.*

Forcible detainer occurs when a person, who is a tenant at sufferance, refuses to surrender possession of real property after her right to possession has ceased. TEX. PROP. CODE ANN. § 24.002(a) (West 2000); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex.

---

[2] In her appellee's brief, Ibarra asserts there is no final judgment for this Court to affirm or reverse, seemingly because the trial court did not rule on the merits of American Homes's forcible detainer claim. The trial court's order dismissing all of American Homes's claims against Ibarra was a final, appealable judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

App.—Houston [1st Dist.] 2006, pet. denied). Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo. TEX. PROP. CODE ANN. § 24.004 (West Supp. 2013); *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). A justice court is without jurisdiction to adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (West Supp. 2013); *Dormady*, 61 S.W.3d at 557. Thus, neither a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit. *Dormady*, 61 S.W.3d at 557.

To prevail in a forcible detainer action, however, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resorting to an action on the title. *Williams v. Bank of N.Y. Mellon,* 315 S.W.3d 925, 927 (Tex. App.—Dallas, no pet.). The only issue in these cases is the right to actual possession. The merits of the title shall not be adjudicated. *Id.*; *see Lugo v. Ross*, 378 S.W.3d 620, 622 (Tex. App.—Dallas 2012, no pet.). Any defects in the foreclosure process or with the purchaser's title to the property may not be considered. *Williams,* 315 S.W.3d at 927. Those defects may be pursued in a suit for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in a forcible detainer action. *Id.*

By her motion to dismiss/plea to the jurisdiction, Ibarra disputed the validity of the foreclosure sale. Her complaint went to the merits of American Homes's title to the property. Such a complaint may not be raised in a forcible detainer action. *Id.*

Ibarra acknowledged in her motion that the merits of the title are not to be adjudicated in a forcible detainer case. She asserted, however, the question of title was intertwined with the

issue of possession, and the title issue needed to be determined prior to a determination of the right to possession. This Court has distinguished the one case she cited in her motion for this proposition, *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169 (Tex. App.—Houston [1st Dist.] 1995, writ denied), from the facts of this case because in *Mitchell* there was no contract creating a landlord/tenant at sufferance relationship. *See Rice*, 51 S.W.3d at 701-13. The justice court, and the county court on appeal, had jurisdiction to determine the right to immediate possession of the property, and the county court erred in granting Ibarra's motion to dismiss. We sustain American Homes's first issue and need not consider its remaining issues.

This Court is permitted to render the judgment the trial court should have rendered. TEX. R. APP. P. 43.2. The evidence American Homes presented at trial established its superior right to immediate possession of the property as a matter of law. *See Wells Fargo Bank, N.A. v. Ezell*, 410 S.W.3d 919, 922 (Tex. App.—El Paso 2013, no pet.). American Homes offered into evidence the substitute trustee's deed showing it bought the property at the foreclosure sale, the deed of trust setting up a landlord/tenant relationship between it and Ibarra after the sale, and the notice to Ibarra to vacate. Accordingly, we reverse the trial court's order granting Ibarra's motion to dismiss and render judgment that American Homes is entitled to possession of 6448 Royal Cedar Drive, Dallas, Texas, 75236.

/Ada Brown/
ADA BROWN
JUSTICE

130973F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AMERICAN HOMES 4 RENT
PROPERTIES ONE, LLC, Appellant

No. 05-13-00973-CV     V.

EVA IBARRA AND ALL OTHER
OCCUPANTS OF 6448 ROYAL CEDAR
DRIVE, DALLAS, TEXAS, 75236,
Appellees

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-13-02049-A.
Opinion delivered by Justice Brown.
Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the trial court's order granting defendants' motion to dismiss is **REVERSED** and judgment is **RENDERED** that:

American Homes 4 Rent Properties One, LLC is entitled to immediate possession of the property located at 6448 Royal Cedar Drive, Dallas, Texas, 75236.

It is **ORDERED** that appellant American Homes 4 Rent Properties One, LLC recover its costs of this appeal from appellees Eva Ibarra and all other occupants.

Judgment entered this 8th day of July, 2014.