ACCEPTED
15-25-00148-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/13/2025 1:51 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00148-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/13/2025 1:51:23 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS

TEXAS EDUCATION AGENCY
*Appellant*

v.

EXCELLENCE 2000 INC.
*Appellee*

On Appeal from the 125th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2022-55524

## APPELLEE'S RESPONSE BRIEF

HOUSTON LAW GROUP, PLLC
Melvin Houston
State Bar No. 00793987
3033 Chimney Rock, Suite 610
Houston, Texas 77056
(713) 212-0600
(713) 212-0290 (facsimile)
mhouston@gotellmel.com

**Attorney for Excellence 2000, Inc.**

**TABLE OF CONTENTS**

Page

TABLE OF CONTENTS …………………………………………………………….2

INDEX OF AUTHORITIES …………………………………………………………3

STATEMENT OF THE CASE ………………………………………………………4

STATEMENT REGARDING ORAL ARGUMENT ………………………………..6

ISSUES PRESENTED …………………………………………………………......6

STATEMENT OF FACTS ………………………………………………………..8

SUMMARY OF ARGUMENT ……………………………………………………10

ARGUMENT ……………………………………………………………………..10

    A.    Governing standards ……………………………………………. 10

    B.    Excellence 2000's Valid Takings Claim…………………….………12

        1.    Excellence 2000 properly plead takings claim………………..12

        2.    TEA failed to satisfy burden showing trial court lacks jurisdiction…………………………………………………...13

    C.    TEA's Claim of Sovereign Immunity is Waived……………………14

        1.  Excellence 2000's Valid Claim under Texas Constitution………14

    D.    TEA's Non-Jurisdictional Factual Arguments………………………15

CONCLUSION AND PRAYER ……………………………………………………18

CERTIFICATE OF COMPLIANCE ……………………………………………… 18

CERTIFICATE OF SERVICE …………………………………………………...18

# INDEX OF AUTHORITIES

**Cases**:

*Bland ISD v. Blue,* 34 S.W. 3d 547, 554- 555 (Tex.2000)…………………………..13

*City of Dallas v. Heard*, 252 S.W.3d 98, 102
(Tex. App.—Dallas 2008, pet. denied)…………………………………………...11,15

*Gen. Servs. Comm'n v. Little–Tex Insulation Co*., 39 S.W.3d 591, 598
(Tex. 2001)………………………….…………………………………………….14

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560– 61 (1992)…………………...17

*Odyssey 2020 Academy, Inc. v. Galveston Central Appraisal Dist.*
585 S.W3d 530 (Tex. App.—Houston [14 Dist.] 2019, no pet)………………....8,17

*Rawlings v. Gonzalez,* 407 S.W.3d 420, 425
(Tex. App. – Dallas 2013, no pet.)………………………………………………..14

*Rusk State Hosp. v. Black*, 392 S.W.3d 88, 93 (Tex. 2012)………………………16

*State v. Ballard,* 221 S.W.3d 639, 643 (Tex. 2007)………………………………12

*State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007)………………………13,14,16

*Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27
(Tex. 2004)………………………………………………………..11,12,13,14,15

**Statutes**:

TEX. CONST. ART. I, § 17……………………………………....2,7,13,14,15,16

**Rules**:

Tex. Educ. Code § 12.128 (c)(1)……………………………………………………18

19 Tex. Admin. Code. § 100.1091-1093……………………………………….8,17

**STATEMENT OF THE CASE**

*Nature of Case:*   Appellee Excellence 2000, Inc. ("Excellence 2000") files this Appellee's Response Brief to Appellant Texas Education Agency's ("TEA") Brief. On September 1, 2022, Excellence 2000 brought a takings case against TEA under Texas Constitution, Art. I, Sec. 17. 1 CR 3-9. Excellence 2000 alleged TEA unlawfully took two properties without just compensation. TEA responded alleging the defense of immunity. Under this statute, TEA's claim of immunity is waived. The takings claim involved several fact issues that touch on the merits of the immunity issue raised by TEA. Notably, the parties dispute whether state funds were used to purchase the two properties subject to this litigation. Excellence 2000 alleges <u>no</u> state funds were used to purchase the two properties. Conversely, TEA alleged state funds were used to purchase the two properties. The existence of disputed facts was crucial to the trial court's jurisdictional analysis. The trial court had jurisdiction to hear this case because: (1) TEA's claim of immunity is waived under Texas Constitution, Art. I, Sec. 17; and (2) there remained genuine disputed issues of fact between the parties regarding whether state funds were used to purchase the two properties. Therefore, this Court should affirm the trial court's decision denying TEA's second Plea to Jurisdiction and allow this case to proceed on the merits.

*Course of Proceedings:*   On April 4, 2023, TEA filed its first Plea to Jurisdiction asserting immunity. 1 CR 17-32. On April 5, 2024, after an oral hearing by the parties, the trial court denied TEA's first Plea to Jurisdiction. 1 CR 212. On May 16, 2024, TEA then filed an appeal of the trial court's ruling in the First Court of Appeals (Case No. 01-24-00368-CV). On August 15, 2024, the First Court of Appeals denied TEA's appeal as untimely. On March 11, 2025, TEA filed its second Plea to Jurisdiction again asserting immunity with additional facts available when it filed its first plea. 1 CR. 213-230. On April 7, 2025, the trial court denied TEA's summary judgment motion. 2 CR 1005. On July 18, 2025, after an oral hearing by the parties, the trial court denied TEA's second Plea to

4

Jurisdiction. 2 CR 1332.  On July 23, 2025, TEA filed a second appeal with the First Court of Appeals (Case No. 01-25-00569-CV). 2 CR 1338.   On September 20, 2025, this appeal was transferred to the 15th Court of Appeals (Case No. 15-25-00148-CV).

***Trial Court's Disposition:*** The trial court denied TEA's second Plea to Jurisdiction on July 18, 2025. 2 CR 1332.

## STATEMENT REGARDING ORAL ARGUMENT

The trial court's judgment is without any error and should remain undisturbed. Because TEA raises no novel or complicated issues of law, Excellence 2000 respectfully submits that oral argument is not necessary and would not materially assist the Court in resolving the issues before it. However, if the Court sets this appeal for submission by oral argument, Excellence 2000 requests the right to participate.

## ISSUES PRESENTED

Excellence 2000 presents the following issues, in addition to refuting those raised by TEA:

1. Whether the trial court had jurisdiction to hear this case?

2. Whether the trial court properly denied the second Plea to Jurisdiction?

TO THE HONORABLE COURT OF APPEALS:

Excellence 2000 brought this action against TEA under Texas Constitution, Art. I, Sec. 17 because TEA took its two real properties without just compensation in violation of the Texas Constitution. The Texas Constitution allows Texas entities, such as Excellence 2000, to bring such action. TEA disputes jurisdiction.

TEA has been diligent in efforts to delay this case and avoid considering it on the merits as follows:

1. TEA's first Plea to Jurisdiction;

2. TEA's No-Evidence Motion for Summary Judgment;

3. TEA's Motion to Dismiss; and

4. TEA's second Plea to Jurisdiction.

All of TEA's pleadings were denied by the trial court, including the second Plea to Jurisdiction.

The trial court's jurisdiction is soundly based under the Texas Constitution, Art. I, Sec. 17. Furthermore, there are disputed fact issues remaining which preclude granting a plea to jurisdiction. The unresolved disputed fact issue (whether private funds or state funds were used to purchase property) supports the trial court's denial of the second plea to jurisdiction. Accordingly, this Court should affirm the trial court decision.

## STATEMENT OF FACTS

Excellence 2000 is a Texas nonprofit company that operated two Texas charter schools in Houston and Dallas, Texas from 1998 to 2016. CR 45-47. In 1998, Excellence 2000 formed its Texas nonprofit organization. *Id*. That same year, Excellence 2000 entered into a Charter Agreement with TEA to operate a Texas Charter School in Houston and Dallas. *Id*. The Charter Contract with TEA was initially issued for a term beginning October 5, 1998 through July 31, 2003, and was subsequently renewed for a term to end on July 31, 2013. *Id*.

From 1998 to 2000, Excellence 2000 operated the two charter schools on leased facilities. *Id*. During these two years, Excellence 2000 raised separate private funds for the specific purpose of purchasing real property on which to operate its charter schools. *Id*. Prior to the enactment of Tex. Educ. Code § 12.128(b) on September 1, 2001, Texas open-enrollment charter holders could use state funds to purchase property without it being considered state property. *See e.g.,* 19 T.A.C. § 100.1091-1093; *Odyssey 2020 Academy, Inc. v. Galveston Central Appraisal Dist.*, 585 S.W3d 530 (Tex. App.—Houston [14 Dist.] 2019, no pet). By August 2001, Excellence 2000 raised sufficient funds to acquire the Houston property located at 7803 Little York, Houston, Texas 77016 and later obtained a deed. 1 CR 45-47; 48-55.

In 2007, Excellence 2000 raised sufficient **private funds** to acquire the Dallas property located at 315 East Wheatland, Dallas, Texas 75241 and later obtained a deed. 1 CR 45-47; 56-59. The purchaser and title holder of both the Houston and Dallas properties is Excellence 2000, Inc.

TEA assumes that in 2001 Excellence 2000 used state funds to purchase the Houston property, Excellence 2000 disputes. The specific use of funds disbursed to Excellence 2000 was reported in TEA 2000-2001Snapshots. 1 CR 86-89. The TEA 2000-2001 Snapshots show the disbursed funds were used for educational purposes only and no state funds were used to purchase property. Id.

TEA also assumes that in 2007 Excellence 2000 used state funds to purchase the Dallas property. Excellence 2000 again disputes. The specific use of funds disbursed to Excellence 2000 was reported in the TEA 2004-2012 Actual Financials. 1 CR 118-121. The TEA 2004-2012 Actual Financials show the disbursed funds were used for educational purposes only and no state funds were used to purchase property. Id. After acquiring ownership of both properties, Excellence 2000 continued to operate the schools on the properties until the charter schools were closed.

In 2016, TEA made the decision to not renew the Charter Contract with Excellence 2000. 1 SuppCR 594-598; 2 CR 949. TEA then unlawfully took the two

properties, notwithstanding that Excellence 2000 purchased both properties (Houston and Dallas) using its own private funds. As a result, Excellence 2000 filed a valid taking claim against TEA under Article I, Section 17 of the Texas Constitution. 1 CR 6-12.

In response, TEA asserts immunity and seeks dismissal based on its allegation that the two properties were purchased with state funds. There are numerous disputed fact issues regarding TEA's allegation as set out above and Excellence 2000 presents in its live petition and Affidavit of Sherman Allen, with attachments thereto, controverting evidence that any state funds were used to purchase the two properties. 1 CR 1019-1215. Thus, these fact issues remained disputed.

The trial court considered oral arguments on TEA's second plea to jurisdiction. Upon hearing, the trial court properly denied TEA's second plea to jurisdiction as disputed material fact issues remained. Therefore, this Court should affirm the trial court's decision on TEA's second Plea to Jurisdiction.

## SUMMARY OF ARGUMENT

TEA is asking this Court to do what the *trial court refused* to do two times upon review. Because there is no error in the trial court's judgment, this Court should affirm.

**ARGUMENT AND AUTHORITIES**

**A.       Governing standards**

In reviewing a plea to the jurisdiction, trial courts liberally construe the pleadings in favor of the plaintiff and look to the plaintiff's intent. *City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied) (citing *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004)). The plaintiff has the burden to plead facts affirmatively showing the trial court has subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226. The defendant then has the burden to assert and support, with evidence, its contention that the trial court lacks subject matter jurisdiction. *Id*. at 228. "If it does so, the plaintiff must raise a material fact issue regarding jurisdiction to survive the plea to the jurisdiction." *Id*. If the evidence creates a fact issue concerning jurisdiction, the plea to the jurisdiction must be denied. *Id*. at 227–28.

A plea to the jurisdiction can be presented as either an attack on the sufficiency of the pleadings, or as an evidentiary attack on the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27. When a party challenges the pleadings, courts determine if the pleader has met its burden of pleading facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Id*. at 226. However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, courts must consider relevant evidence submitted by the parties when necessary to resolve the issue. *Id*.

at 227. In such situations, "the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case ...." *Id*.

The trial court must consider evidence on a plea to the jurisdiction when evidence is necessary to determine jurisdictional facts. *State v. Ballard,* 221 S.W.3d 639, 643 (Tex. 2007). Generally, the court should limit the evidence to that which is relevant to the jurisdictional issue and avoid considering evidence that goes to the merits of the case. *Bland ISD v. Blue,* 34 S.W. 3d 547, 554- 555 (Tex.2000). However, when jurisdiction involves the merits of the case, the trial court must review the evidence to determine whether there is a fact issue. *Miranda,* 133 S.W.3d at 227. If the facts are disputed, the court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact-finder at trial; however, if the evidence is undisputed or if there is no fact question on the jurisdictional issue, the trial court will rule on the plea to the jurisdiction as a matter of law. *Id.* at 227-28. A plea should not be granted if there is a fact issue as to the court's jurisdiction. *Holland,* 221 S.W.3d at 643.

Here, Excellence 2000 has met its burden of pleading facts that affirmatively demonstrate the court's jurisdiction to hear the case; thus, TEA apparently challenges the existence of jurisdictional facts.

**B.    Excellence 2000's Valid Takings Claim**

**1.    Excellence 2000 properly plead takings claim**

In this case, Excellence 2000 has satisfied its burden of pleading facts affirmatively showing the trial court has subject matter jurisdiction regarding its takings claim. *See Miranda*, 133 S.W.3d at 226.  The Takings Clause provides: "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." TEX. CONST. ART. I, § 17. To establish a taking claim under Article I, Section 17, the claimant must show that a governmental actor acted: (1) intentionally; (2) took or damaged property; and (3) did so for a public use. *See State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001).

Here, Excellence 2000 properly pleads its takings claim under Article I, Section 17 by pleading that TEA (1) intentionally; (2) took or damaged property; and (3) did so for a public use. TEA cannot deny that it took possession and control of the two properties in dispute and classified them as state property for public use. TEA also cannot deny it damaged the two properties. 1 CR 1016-1069; 1070-1115. Furthermore, Excellence 2000's claim of physical taking under Texas Constitution Article 1, Section 17 is not barred. *See Miranda*, 133 S.W.3d at 226.

13

## 2. TEA failed to satisfy burden showing trial court lacks jurisdiction

TEA failed to satisfy its burden to assert and support, with evidence, its contention that the trial court lacks subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 228. In analyzing the defendant's plea to the jurisdiction, the court does not look at the merits of the plaintiff's case but considers only the pleadings and the evidence pertinent to the jurisdictional inquiry. *Rawlings v. Gonzalez,* 407 S.W.3d 420, 425 (Tex. App. – Dallas 2013, no pet.); *see Miranda,* 133 S.W.3d at 228 (in some instances, a plea to the jurisdictions may require the court to consider evidence pertaining to jurisdictional facts that go beyond the pleadings). The court construes the pleadings liberally in favor of the plaintiff and looks to the plaintiff's intent. *City of Dallas v. Heard,* 252 S.W.3d 98, 102 (Tex. App. – Dallas 2008, no pet.)(citing *Miranda,* 133 S.W.3d at 228). In its Brief, TEA's arguments focus on the merits of the case and lack jurisdictional analysis.

The trial court clearly has subject matter jurisdiction to hear this takings claim under Texas Constitution, Article I, Section 17. Assuming, *arguendo*, TEA satisfied its burden, Excellence 2000 raised a material fact issue regarding jurisdiction to survive the plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 227-228. TEA argues that the trial court lacks jurisdiction because state funds were used to purchase the two properties. However, Excellence 2000 disputes and conversely argues the trial court has jurisdiction under Article I, Section 17 because only private funds

were used to purchase the two properties. Thus, there is a disputed material fact issue. Because there is a disputed fact issue concerning jurisdiction, the plea to the jurisdiction must be denied. *Id*.

### C. TEA's Claim of Sovereign Immunity is Waived

### 1. Excellence 2000's Valid Takings Claim under Texas Constitution

Excellence 2000 has alleged a cause of action under the takings clause of Texas Constitution, Art. I, Sec. 17, which waives TEA's claim of sovereign immunity. 1 CR 1266. Sovereign immunity is waived pursuant to the takings clause of Article I, Section 17 of the Texas Constitution. *Holland*, 221 S.W.3d at 643; *Gen. Servs. Comm'n*, 39 S.W.3d at 598.

TEA claims sovereign immunity, but such immunity is waived in this case and does not bar this claim or divest the trial court of subject matter jurisdiction. Sovereign and governmental immunity protect the state and its political subdivisions, respectively, from suit and liability absent the state's express waiver. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 93 (Tex. 2012). The state of Texas has no express waiver in this case.

### D. TEA's Non-Jurisdictional Factual Arguments

TEA initially argues this case is actually a tresspass to try title case. This argument is without merit. The titles to the two properties are not in dispute in this case. 1 CR 63-70; 71-74. Excellence 2000 has rightfully remained the uncontested

title owner of the two properties since they were purchased. TEA provides no evidence that the titles to the properties were changed. After the charter was revoked TEA did not convert title of the two properties into its name. However, TEA did lock Excellence 2000 out and damaged or destroyed the two properties.

The appraisal documents show (1) the appraised value of the properties, and (2) the damage to the properties which TEA allowed to occur after it revoked the charter. 2 CR 1026-1069; 1070-1115. Excellence 2000 now seeks right and just compensation under Tex. Const. Art. I, Sec. 17 for the wrongful taking of the two properties without just compensation.

Second, TEA argues Excellence 2000 lacks standing in this case. This argument is without merit. Excellence 2000 has standing under Texas law. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560– 61 (1992). Here, it is undisputed that TEA took possession and control of Excellence 2000's two properties after it revoked the charter. Thus, Excellence 2000's injury-in-fact under the takings claim is clearly traceable to TEA's conduct and can be redressed by a favorable decision. *See id.* Therefore, under Texas law, Excellence 2000 has standing to proceed with its claim under Tex. Const. Art. I, Sec. 17.

Third, TEA argues the trial court should have granted the second plea to jurisdiction because Excellence 2000 allegedly admitted to using state funds to purchase property. This argument is without merit. Excellence 2000 affirmed that,

16

prior to September 1, 2001, TEA permitted charter schools, such as Excellence 2000, to use state funds to purchase real property without that property considered as state property. *See e.g.,* 19 T.A.C. § 100.1091-1093; *Odyssey 2020 Academy, Inc. v. Galveston Central Appraisal Dist.*, 585 S.W3d 530 (Tex. App.—Houston [14 Dist.] 2019, no pet). Thus, any alleged statements made in the 2016 lawsuit and 2021 bankruptcy were referencing conduct which occurred prior to September 1, 2001. Consequently, these alleged statements do not preclude this action from being filed under Tex. Const. Art. I, Sec. 17. 1 CR 232-251; 1 CR 215, 256-60; 2 CR 1246-49. Additionally, the yearly financial audit reports are not admissions by Excellence 2000. All erroneous calculations or statements therein which references state funds being used to purchase property are highly contested and disputed by the TEA Snapshots and Actual Financials of Excellence 2000. *See* TEA 2000-2001Snapshots, 1 CR 86-89; TEA 2004-2012 Actual Financials, 1 CR 118-121.

Fourth, TEA's argument that Excellence 2000 consented to the two properties being taken under the charter school contract is disputed. Excellence 2000 never consented to TEA taking the two properties. Excellence 2000 consistently held it owned the two properties which were purchased with private funds. TEA has provided no competent evidence showing Excellence 2000 consented to the taking of the two properties.

Finally, TEA falsely argues it had proper authority to take the two properties under TEA Rule 12.128 (c)(1).  Here, Rule 12.128 (c)(1) does not direct TEA to take private property from a former charter holder when no state funds were used to purchase the property.  Therefore, TEA's argument is without merit.

## CONCLUSION AND PRAYER

For the reasons set forth above, Appellee Excellence 2000 requests this Court to affirm the trial court's decision in all respects.

Respectfully submitted,

Houston Law Group, PLLC

*Melvin Houston*
Melvin Houston
State Bar No. 00793987
3033 Chimney Rock, Suite 610
Houston, Texas 77056
(713) 212-0600
(713) 212-0290 (facsimile)
mhouston@gotellmel.com
**ATTORNEY FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document was generated by a computer using Microsoft Word which indicates that the total word count of this document is 3511 and that it is in compliance with TEX. R. APP. P. 9.4(i)(D)

/s/ Melvin Houston

Melvin Houston

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Brief was served on the following counsel of record by electronic service on November 12, 2025.

/s/ Melvin Houston

Melvin Houston

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melvin Houston
Bar No. 00793987
melhouston2001@yahoo.com
Envelope ID: 108017273
Filing Code Description: Response
Filing Description: Appellee's Response Brief
Status as of 11/13/2025 2:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nikeyla Johnson | 24065505 | njohnson@contactjohnsonlawfirm.com | 11/13/2025 1:51:23 PM | SENT |
| Joe Nwaokoro | | Joe.Nwaokoro@oag.texas.gov | 11/13/2025 1:51:23 PM | SENT |
| Mary Sifuentes | | Mary.Sifuentes@oag.texas.gov | 11/13/2025 1:51:23 PM | SENT |
| Melvin Houston | 793987 | mhouston@gotellmel.com | 11/13/2025 1:51:23 PM | SENT |